IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANNA CONOVER, PARRISH AND JACQUELINE SHERIDAN, BRYAN AND JACQUELINE VAN VELSON, <br><br> Plaintiffs, <br><br> v. <br><br> PATRIOT LAND TRANSFER, LLC, WELLS FARGO BANK, N.A., <br><br> Defendants. | Civil No. 17-4625(RMB/JS) <br><br> **OPINION** |

APPEARANCES:

LITE DEPALMA GREENBERG, LLC
By: Bruce D. Greenberg, Esq.
570 Broad Street, Suite 1201
Newark, New Jersey 07102
    Counsel for Plaintiffs

SMITH, GILDEA & SCHMIDT, LLC
By: Michael Paul Smith, Esq.; Melissa L. English, Esq.;
Sarah A Zadrozny, Esq.
600 Washington Avenue, Suite 200
Towson, Maryland 21204
    Counsel for Plaintiffs

JOSEPH GREENWALD & LAAKE, PA
By: Timothy F. Maloney, Esq.; Veronica Nannis, Esq.;
Megan A. Benevento, Esq.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770-1417
    Counsel for Plaintiffs

DILWORTH PAXON LLP
By: Benjamin W. Spang, Esq.; Jerry R. DeSiderato, Esq.
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
    Counsel for Defendant Patriot Land Transfer, LLC

K&L GATES LLP
By: Jennifer J. Nagle, Esq.; Jeffrey S. Patterson (pro hac vice); David E. Fialkow, Esq. (pro hac vice)
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
        Counsel for Defendant Wells Fargo Bank, N.A.

**BUMB**, UNITED STATES DISTRICT JUDGE:

Plaintiffs Anna Conover, Parrish and Jacqueline Sheridan, and Bryan and Jacqueline Van Velson (collectively, "Plaintiffs") brought this putative class action against Defendants Patriot Land Transfer, LLC ("Patriot") and Wells Fargo Bank, N.A. ("Wells Fargo"), alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601. This matter comes before the Court upon Wells Fargo's Motion to Dismiss (the "MTD")[Dkt. No. 49] Plaintiffs' First Amended Complaint (the "Amended Complaint" or "FAC")[Dkt. No. 46]. Although Patriot did not file its own Motion to Dismiss, Patriot has joined and supported Wells Fargo's MTD. See Dkt. No. 50]. For the reasons set forth below, the Court will **DENY** Wells Fargo's Motion to Dismiss without prejudice.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

In this purported class action, Plaintiffs allege that they are victims of an illegal "kickback agreement" between the Defendants. Wells Fargo is a financial services company, which offers home mortgage loans, among other products. Patriot is a

title insurance agency, providing title and settlement services in New Jersey.  Plaintiffs contend that they obtained home mortgage loans from Wells Fargo in 2014, and that Wells Fargo referred or assigned these loans to Patriot for title and settlement services.

In the Amended Complaint, Plaintiffs claim that Wells Fargo and Patriot violated RESPA by engaging in a "quid pro quo" kickback scheme, whereby Patriot provided Wells Fargo with "kickbacks in the form of borrower leads and data lists" in return for Wells Fargo's referral and assignment of loans to Patriot for title and settlement services.  Plaintiffs contend that "Patriot purchased borrower leads data and lists from third party marketing companies and gave the data to Wells Fargo on a per unit basis for each loan referred to and closed by Patriot." FAC at ¶ 2.  According to Plaintiffs, these kickbacks were funded by systematically overcharging Plaintiffs "the maximum amount for settlement services, including special and/or extra charges and discretionary fees." Id. at ¶ 24.

Plaintiffs further allege that Defendants took affirmative steps to fraudulently conceal the kickback payments in violation of RESPA.  Specifically, Plaintiffs theorize that Patriot and Wells Fargo chose kickbacks in the form of borrower lists and data under the false belief that these "things of value" were not required to be reported on the borrowers' Good Faith

Estimate ("GFE"), HUD-1, or other loan documents, and, therefore, could be concealed from borrowers and regulators. See FAC at ¶ 87. Because of this effort to conceal the kickback arrangement, Plaintiffs claim that they were unable to discover the violations despite exercising reasonable diligence throughout the closing process. See id. at ¶ 97. Due to Defendants' alleged fraudulent concealment of the kickback agreement, Plaintiffs claim they are entitled to equitably toll RESPA's one-year statute of limitations. See id. at ¶¶ 77-100.

Plaintiffs filed the initial class action complaint [Dkt. No. 1] in June of 2017, on behalf of themselves and all others similarly situated. In August 2017, Patriot and Wells Fargo responded with motions to dismiss the original complaint. On March 23, 2018, this Court heard oral argument and dismissed the original complaint, but granted Plaintiffs leave to file an amended complaint. Subsequently, Plaintiffs filed the Amended Complaint on May 7, 2018. Now, Wells Fargo moves to dismiss Plaintiffs' claims under Fed R. Civ. P. 12(b)(6).

## II. **LEGAL STANDARD**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

4

662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Generally, a statute of limitations defense may only be raised by way of motion under Rule 12(b)(6) where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotations omitted). If "the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id. (internal quotations omitted).

### III. **ANALYSIS**

Wells Fargo moves to dismiss the Amended Complaint on three grounds, arguing that (1) Plaintiffs' claims are barred by the statute of limitations, (2) the Amended Complaint fails to state a claim under Fed R. Civ. P. 12(b)(6), and (3) that Plaintiffs' claims are too individualized to warrant class treatment. See MTD at 1-2.

#### A. **Statute of Limitations**

First, Defendant argues that Plaintiffs' RESPA claims are barred by RESPA's one-year statute of limitations, which requires that actions brought pursuant to § 2607 be asserted within one year from the date of the occurrence of the violation. See 12 U.S.C. § 2614. Since the alleged RESPA violations occurred in 2014, the closing date of Plaintiffs'

mortgage loans, the one-year statute of limitations would have expired in 2015. See, e.g., Cunningham v. M & T Bank Corp., 2013 WL 5876337, at *3 (M.D. Pa. Oct. 30, 2013)(finding that the "plain language of RESPA requires that claims involving unlawful kickbacks and unearned referral fees be brought within one year of 'the date of the occurrence of the violation'"). Because Plaintiffs did not file this action until June 23, 2017, Wells Fargo contends that Plaintiffs' claims are time-barred.

Plaintiffs do not dispute RESPA's one-year statute of limitations, however, Plaintiffs claim an entitlement to equitable tolling. Under Third Circuit precedent, equitable tolling permits a plaintiff to sue after the statutory time period for filing a complaint has expired under three circumstances, "(1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." See In re Cmty. Bank of N. Virginia Mortg. Lending Practices Litig., 795 F.3d 380, 400 (3d Cir. 2015)(citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994)).

In this case, Plaintiffs argue for equitable tolling on the basis of fraudulent concealment, alleging that "Defendants' active misleading prevented Plaintiffs from having notice of

facts giving rise to their RESPA claims." See Plaintiffs' Opposition to Wells Fargo's MTD ("Pls.' Opp." at 24)[Dkt. No. 53]. The fraudulent concealment doctrine permits plaintiffs to toll the statute of limitations in circumstances when the accrual date of a claim has passed but the "plaintiff's cause of action has been obscured by the defendant's conduct." See In re Linerboard Antitrust Litig., 305 F.3d 145, 160 (3d Cir.2002). However, Plaintiff has the burden of proving fraudulent concealment, which requires a three-part showing: "(1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." Cetel v. Kirwan Fin. Grp., 460 F.3d 494, 509 (3d Cir.2006).

Plaintiffs allege that Defendants actively misled Plaintiffs and prevented them from recognizing their claims within the one-year period by "omitting the kickbacks, the Patriot Kickback Agreement and the fact of their coordinated business relationship from borrowers' loan documents, including the [Good Faith Estimate] and HUD-1." FAC at ¶ 85. Plaintiffs further allege that these omissions were an intentional choice, meant to conceal kickbacks from "investigators, regulators, and borrowers." Id. at ¶ 87. According to Plaintiffs, they "acted

8

diligently during the closing or settlement of Plaintiffs' Wells Fargo loans," and reviewed the loan documents prepared by Patriot and Wells Fargo, but had no reason to believe that "there would be any payment or exchange of a thing of value between Patriot and Wells Fargo." <u>See</u> FAC at ¶¶ 89-97.

Defendant argues that Plaintiffs are not entitled to equitable tolling because "an alleged failure to disclose information is simply not enough for fraudulent concealment." <u>See</u> MTD at 7. Defendant argues that under Third Circuit precedent, "a plaintiff must point to some additional affirmative fraudulent act that perpetuates concealment; inaction or silence by the lender is not sufficient to show fraudulent concealment to toll equitably the limitations period." <u>Gutierrez v. TD Bank</u>, 2012 WL 272807, at *9 (D.N.J. Jan. 27, 2012)(quoting <u>Poskin v. TD Banknorth</u>, N.A., 687 F.Supp.2d 530, 550 (3d Cir.2009)(internal citations omitted). Defendant further contends that Plaintiffs' allegations concerning the HUD-1 form and the Good Faith Estimate cannot possibly amount to fraudulent concealment, because "there is no proper place on a HUD-1 statement for disclosure of the fact, if true, that Patriot was providing Wells Fargo with marketing lists." <u>See</u> MTD at 9.

Contrary to Defendant's characterization of Plaintiffs' claims, Plaintiffs do not allege mere non-disclosure of the

9

"kickback agreement." Rather, Plaintiffs allege that Defendants "chose to omit the kickbacks and the facts of Defendants' coordinated business relationship under the Patriot Kickback Agreement" from Plaintiffs' loan documents and that the "purpose of these omissions was to conceal the kickbacks and Defendants' coordinated business relationship under the Patriot Kickback Agreement." FAC at ¶ 86. Such an allegation of "affirmative concealment" goes beyond mere "non-disclosure" and is, therefore, sufficient to state a claim for equitable tolling. See Marple v. Countrywide Fin. Corp., 2008 WL 9418768, at *3 (D.N.J. May 7, 2008).

Although Plaintiffs' Amended Complaint plausibly states a claim for equitable tolling, this Court does not offer any opinion on whether the facts will ultimately establish the existence of fraudulent concealment. "Indeed, our Court (and our sister circuit courts) have reasoned that, because the question whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." In re Cmty. Bank of N. Virginia, 622 F.3d 275, 301–02 (3d Cir. 2010), as amended (Oct. 20, 2010); see also Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir.2006)("Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely

10

appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue").

Because the viability of Plaintiffs' Amended Complaints relies upon an entitlement to equitable tolling, this Court will order limited, expedited discovery on the statute of limitations and equitable tolling issues.

**B. Failure to State a Claim**

Next, Defendant argues that Plaintiffs' theory of liability is "implausible" and fails to state a claim under RESPA, which prohibits the acceptance of "any fee, kickback, or thing of value pursuant to any agreement or understanding ... that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a).

Defendant focuses on Plaintiffs' allegation that Patriot funded the kickbacks by charging borrowers "extra" for various services. See MTD at 15. Specifically, Defendant contends that Plaintiffs' allegation falls under RESPA's "safe harbor" provision, precluding a cause of action for fees charged for services that were actually rendered. 12 U.S.C. § 2607(c). Therefore, Defendant claims that Plaintiffs' claim fails because it involves fees that were charged to Plaintiffs in exchange for services actually performed. Defendant further argues that

11

Plaintiffs fail to draw a connection between the "extra" fees for title and closing services, and the alleged kickback payments from Patriot to Wells Fargo. See id.

Defendant's argument is misplaced. Plaintiffs' cause of action is premised upon the existence of a "kickback" arrangement between the Defendants. To that end, Plaintiffs alleged that such an arrangement existed in the Amended Complaint. Plaintiffs' allegation, that they were charged more for closing and settlement services than they would have been without a kickback arrangement, is relevant only to the extent it impacts damages. Although Defendant's argument raises a potentially relevant point regarding Plaintiffs' ability, or lack thereof, to recover damages, Defendant has already conceded Plaintiffs' standing in this case. See MTD at 5.

At this point in the proceedings, there are disputes of material fact as to whether there was a link between fees charged to borrowers and the alleged kickback scheme, as well as whether Plaintiffs paid higher fees than they would have in the absence of a kickback scheme. These factual issues cannot be resolved on a motion to dismiss.

**C. Class Action Claims**

Finally, Defendant moves to dismiss the class action allegations, arguing that Plaintiffs' equitable tolling claim necessitates individualized inquiries, which are inappropriate

12

for class treatment. See MTD at 17.  As an initial matter, this motion is premature at this stage of the proceedings. See Feldman v. Mercedes-Benz USA, LLC, 2012 WL 6596830, at * 13 (D.N.J. Dec.18, 2012)("numerous cases in this District have emphatically denied requests to strike class allegations at the motion to dismiss stage as procedurally premature").  The arguments raised by Defendant would be more appropriately addressed in response to a motion for class certification.  Therefore, the motion to dismiss the class allegations will also be denied.

**IV.  CONCLUSION**

For the foregoing reasons, Wells Fargo's Motion to Dismiss the First Amended Complaint will be denied without prejudice.  The parties will be ordered to expedite discovery on the statute of limitations and equitable tolling issues.  No other discovery shall take place.  An appropriate Order shall issue on this date.

DATED: January 31, 2019

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE