# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN DIVISION

| | |
|---|---|
| ANNA CONOVER, et al. | * |
| Plaintiffs, | * |
| v. | *   Case No.: 1:17-cv-04625-RMB-JS |
| PATRIOT LAND TRANSFER, LLC, et al. | * |
| | * |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER GRANTING FINAL APPROVAL
## TO CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' "Motion for Final Settlement Approval and Related Relief." [Doc. No. 113]. The Court held a final fairness hearing and oral argument via Zoom on September 17, 2020. There have been no objections to the proposed settlement and no requests for exclusion from the class. Plaintiffs, Anna Conover, Parrish and Jacqueline Sheridan, Bryan and Jacqueline Van Velson ("Plaintiffs") and Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Patriot Land Transfer, LLC ("Patriot") (together, "Defendants") have participated in mediation and executed a Class Action Settlement Agreement (the "Settlement

838926.2

Agreement" or "Settlement"). A copy of the Settlement Agreement has been filed with the Court. [Doc. No. 104-5]. Pursuant to the Settlement Agreement and Fed.R.Civ.P. 23, Plaintiffs have moved for entry of an order granting final approval of the Settlement. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Final Approval Order, including the Definitions set forth in the Settlement Agreement. Having considered all submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor, it is hereby ORDERED that plaintiffs' motion is GRANTED.[1] It is further ORDERED, ADJUDGED AND DECREED as follows:

    A.    This Final Approval Order incorporates the Settlement Agreement and its Exhibits and the Preliminary Approval Order and its Exhibits. Unless otherwise provided, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Approval Order and the accompanying Final Judgment.

    B.    The Court has jurisdiction over this action, and all Parties and Settlement Class Members, for all matters relating to this litigation and the Settlement, including,

---

[1] The Court intends to promptly enter a comprehensive written Opinion setting forth in detail its reasons for granting plaintiffs' motion. The parties consented to the jurisdiction of this Court to decide this motion. [Doc. No. 103].

838926.2

without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement, this Final Approval Order and the Final Judgment.

  C. The Settlement Agreement provides for a class action settlement of the claims alleged in the above-captioned matter ("the Litigation").  This Court has considered the (1) allegations, information, arguments, and authorities provided by the parties in connection with the pleadings previously filed in this case; (2) information, arguments, and authorities provided by Plaintiffs in their brief in support of their motion for entry of an order granting final approval to the Settlement; (3) the terms of the Settlement Agreement, including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (4) the Settlement's elimination of any potential manageability issue that may otherwise have existed if the Litigation continued to be litigated.  Based on these considerations, this Court hereby finds as follows for settlement purposes only:

# I. THE SETTLEMENT CLASS, CLASS REPRESENTATIVES AND CLASS COUNSEL

 In the Preliminary Approval Order, this Court provisionally certified the following Settlement Class:

> All individuals who were borrowers on a federally related Wells Fargo mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) secured by real property in New Jersey, and for which Patriot provided a settlement service, as identified in Section 1100 on the HUD-1 settlement statements of the borrowers, between January 1, 2013, and April 13, 2015.

> The Settlement Class shall not include employees, officers, members and/or agents of Patriot or Wells Fargo; any members or employees of Plaintiffs' counsel; any person who is barred from receiving payment pursuant to this Settlement by virtue of a pending court proceeding (including but not limited to a pending bankruptcy proceeding), court order (including but not limited to a bankruptcy discharge), or a prior release of claims against Wells Fargo; any judicial officer who has presided or is presiding over this case, and the immediate family members of such judicial officers(s).

1. For the same reasons as set forth in the Court's Preliminary Approval Order in support of preliminary certification, the Settlement Class is hereby certified as a final Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). For purposes of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.

2. This Court previously appointed Plaintiffs Anna Conover, Parrish and Jacqueline Sheridan, and Bryan and Jacqueline Van Velson as the Class Representatives of the Settlement Class, and Bruce D. Greenberg of Lite DePalma Greenberg, LLC, Michael Paul Smith of Smith, Gildea & Schmidt, LLC, and Timothy F. Maloney of Joseph, Greenwald & Laake, P.A. as Lead Class Counsel.

## II. CLASS NOTICE

3. The record shows, and this Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the

Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Litigation and the terms of the Settlement, their right to exclude themselves from the Settlement, or to object to any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

4. Due and adequate notice of the proceedings having been given to the Settlement Class, and a full opportunity having been offered to Settlement Class Members to participate in the Final Approval Hearing, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order and the Final Judgment.

5. This Court finds that Wells Fargo, through the Settlement Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time

838926.2

period to comment or object to the Settlement before entering its Final Approval Order and Final Judgment. No such comments or objections have been received.

### III.    FINAL APPROVAL OF THE SETTLEMENT

6.  This Court finds the Settlement fair, reasonable and adequate because it has key indicia of fairness, in that (1) the Parties reached the Settlement after vigorous motion practice, (2) the negotiations were extensive, contentious, arms-length, and facilitated by a professional mediator (Honorable Joel B. Rosen, U.S.M.J. (Ret.)), (3) there was significant discovery, and (4) the proponents of the Settlement are represented by experienced and competent counsel.

7.  This Court further finds, in the specific context of this Settlement, that the following requirements continue to be met: (a) the number of Settlement Class Members is approximately 600 and is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

838926.2

8.    This Court also concludes that, because the Litigation is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the Litigation.

9.    Accordingly and pursuant to Fed. R. Civ. P. 23(e), this Court hereby finally approves the Settlement and finds that the Settlement, the benefits to the Settlement Class Members, and all other aspects of the Settlement are fair, reasonable, adequate, and in the best interests of the Settlement Class, and within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and Wells Fargo's and Patriot's defenses, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Class Action Fairness Act. Therefore, the Settlement shall be consummated in accordance with its terms and provisions.

10.    Prior to and during the Final Approval Hearing, this Court received no objections or comments, timely and proper or otherwise, to the Settlement from any Settlement Class Member.

11.    This Court finds that the Settlement is fair, reasonable, and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), based on the following factors, among other things:

    a.    This case was complex, expensive, and time consuming, and would have continued to be so through trial and possible appeals had it not settled;

    b.    Because the case settled after extensive investigation and discovery, the Parties had a full appreciation of the strengths and weaknesses of their respective cases while negotiating the Settlement;

    c.    Class Counsel and the Settlement Class would have faced risks in establishing class certification through trial and appeals, and also in establishing liability and damages, if they decided to continue to litigate rather than settle pursuant to the Settlement Agreement;

    d.    The relief available under the Settlement is within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the Litigation had continued to verdict and possible appeals as to liability and damages;

    e.    The Settlement also satisfies the additional relevant factors set forth in *Krell v. Prudential Ins. Co. of Am. (In Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283 (3d Cir. 1998).

For these reasons, in addition to those provided throughout this Final Approval Order, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

    12.    In making its findings, this Court has exercised its discretion in

8

838926.2

certifying the Settlement Class and granting final approval to the Settlement based upon all facts and circumstances of this Litigation as presented to the Court in the submissions in support of approval of the Settlement.

### IV. DISMISSAL OF CLAIMS, COMMON FUND, RELEASE, AND INJUNCTION

13. This Litigation is hereby dismissed with prejudice on the merits and without costs to any Party or Person, except as otherwise provided herein or in the Settlement Agreement.

14. This Court finds and confirms that the interest-bearing Common Fund Account is a "qualified settlement fund" as defined in Section 1.468B-1 through 1.468B-5 of the Treasury Regulations.

15. This Court shall retain continuing jurisdiction over the Common Fund Account, pursuant to Section 1.468B-1(c)(1) of the Treasury Regulations.

16. The Plaintiffs and the members of the Settlement Class, and all Persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), are hereby bound by the terms of the Release, Waiver, and Covenant Not to Sue set forth in Section 14 of the Settlement Agreement, and are hereby PERMANENTLY ENJOINED from (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any

jurisdiction based upon or asserting any of the Released Claims against any Released Party; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, and/or in any lawsuit based upon or asserting any of the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement Agreement and the Litigation. Excepted from this permanent injunction are claims related to disputes or enforcement pertaining to the Settlement Agreement.

17. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, shall be:

    a. offered by any Person or received against Defendants or any Released Party as evidence, or construed or deemed as evidence, of any presumption, concession, or admission by Defendants or any Released Party of the truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in this Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been

        or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or any Released Party;

b. offered by any Person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission of an fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any Released Party or any other wrongdoing by Defendants or any Released Party; or

c. offered by any Person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained herein shall prevent the Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto), the Final Approval Order, or the Final Judgment, or in which the reasonableness, fairness, or good faith

11

of the Parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Final Approval Order, the Final Judgment, or the Release as to Defendants, the Released Parties, Plaintiffs, or the Settlement Class Members.

## V.  OTHER PROVISIONS

20. Rust Consulting, Inc. was appointed as the Settlement Administrator in the Preliminary Approval Order.

21. The Settlement Administrator shall continue to perform and comply with all administration duties ascribed to it in the Settlement Agreement and this Final Approval Order.

22. Lead Class Counsel and Counsel for Defendants are hereby authorized to use all reasonable procedures in connection with administration of the Settlement that are not materially inconsistent with this Final Approval Order or the Settlement Agreement.

23. The Court (Joel Schneider, U.S.M.J., or his successor) has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Approval Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Settlement, including all matters relating to the administration, consummation,

838926.2

validity, enforcement and interpretation of the Settlement Agreement, the Final Approval Order, or the Final Judgment, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Approval Order, or the Final Judgment (including, whether a Person is or is not a Settlement Class Member);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement, the Final Approval Order, or the Final Judgment.

24.   Without affecting the finality of this Final Approval Order or the Final Judgment, Defendants and Plaintiffs, including each Settlement Class Member, hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or

838926.2

dispute relating to the Release provisions herein.

25. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent in material respects with this Final Approval Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

26. In the event that the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and the Final Approval Order and Final Judgment, and all other orders entered and releases delivered in connection

herewith, shall be vacated and shall become null and void.

The Clerk of the Court is hereby directed to CLOSE THIS FILE.

IT IS SO ORDERED this 21st day of September, 2020.

BY THE COURT:

_____
Joel Schneider, U.S.M.J.

838926.2