# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNA CONOVER, PARRISH AND JACQUELINE SHERIDAN, BRYAN AND JACQUELINE VAN VELSON, <br><br> *Plaintiffs*, <br><br> v. <br><br> PATRIOT LAND TRANSFER, LLC and WELLS FARGO BANK, N.A., <br><br> *Defendants*. | Civil Action No.: 17-4625 (RMB)(JS) <br><br> **ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS** |

**THIS MATTER** is before this Court on Plaintiffs' "Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representatives' Service Awards" ("the Motion") [Doc. No. 114] ; and

This Court having reviewed Plaintiffs' Motion and supporting papers, including Plaintiffs' brief and supporting Declarations, as well as the case file; and the Court having held a final fairness hearing and conducted oral argument on September 17, 2020; and after finding good cause, for the reasons expressed herein and in this Court's Oral Opinion,

IT IS ON THIS 21st DAY OF September, 2020 hereby **ORDERED** that Plaintiffs' motion is GRANTED.[1] It is further **ORDERED, ADJUDGED, AND**

---

[1] The Court intends to promptly enter a comprehensive written Opinion setting forth in detail its reasons for granting plaintiffs' motion. The parties consented to the jurisdiction of this Court to decide this motion. [Doc. No. 103].

838843.2

**DECREED** as follows:

1. Terms capitalized in this Order have the same meanings as those used in the Settlement Agreement.

2. The Notice Plan adequately and reasonably afforded Settlement Class Members the opportunity to object to Plaintiffs' requested award of attorneys' fees and reimbursement of expenses to Settlement Class Counsel, and for Service Awards to the Representative Plaintiffs. There have been no objections by any Settlement Class Member to any of these requests.

3. The Settlement confers a substantial benefit on the Settlement Class Members, including the creation of a Settlement Benefit amount of approximately $1,355,563.82.

4. Plaintiffs have submitted three Declarations of counsel in connection with their Motion that adequately document Settlement Class Counsel's pursuit of the claims of Plaintiffs and the Settlement Class before this Court. Settlement Class Counsel's efforts include, among other things: (i) a thorough investigation of potential claims against Defendants, which continued throughout the prosecution of the case, and included, without limitation, communicating with potential and actual Settlement Class

Members; (ii) researching and drafting motion papers, including (among others) oppositions to Defendants' motions to dismiss; (iii) obtaining, reviewing, and analyzing a discovery record that included hundreds of thousands of pages of documents; (iv) appearing before this Court in person and by telephone for numerous hearings and status conferences; (v) handling multiple complex discovery disputes (vi) participating in alternative dispute resolution before a qualified mediator, and other efforts that led to the Settlement; and (vii) arm's length negotiations with Defendants regarding the terms of the Settlement Agreement.

5. In granting Plaintiffs' request for attorneys' fees, this Court has considered, among other things, the factors in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), including: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by Settlement Class Counsel; and (7) the awards in similar cases.

6. This Court finds that the requested fee represents approximately 37% of

      the total amount of the Settlement Benefits and is fair, reasonable, and within the range of attorneys' fees ordinarily awarded in this District and in the Third Circuit. This Court has also applied a lodestar cross-check and has concluded that there is a negative multiplier that would result from an award of the requested fee. The lodestar cross-check confirms that the requested fee is within the range approved by the Third Circuit Court of Appeals. This Court, therefore, grants Settlement Class Counsel attorneys' fees in the amount of five hundred thousand dollars ($500,000).

7. This Court also grants Settlement Class Counsel reimbursement of their out-of-pocket litigation costs and expenses of fifteen thousand five hundred dollars ($15,500) to be distributed to the firms that incurred such expenses. This Court finds that these expenses were necessary, reasonable and proper in the pursuit of this litigation.

8. This Court further finds that Plaintiffs, Anna Conover, Parrish and Jacqueline Sheridan, Bryan and Jacqueline Van Velson, devoted substantial time and energy to their duties, including (among other things) assisting in their counsel's investigation of this matter, responding to discovery, and evaluating and approving the settlement of the case. This Court therefore grants Service Awards of one thousand five hundred dollars ($1,500) to each Class Representative, or jointly if married or on

the same loan, for their efforts on behalf of the Settlement Class. This amount is to be paid in addition to the Settlement Benefits as defined in the Settlement Agreement.

9. The attorneys' fees and costs to be distributed shall not be paid any earlier than the distribution of the settlement proceeds to the class.

_____
Joel Schneider, U.S.M.J.